UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA

   - against -

ENRIQUE MARMOLEJOS,

                     Defendant.

------------------------------------X

09 Cr. 1060-03 (RWS)

SENTENCING OPINION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/19/11

**Sweet, D.J.**

      On March 10, 2010, Enrique Marmolejos, a/k/a "Gory," ("Marmolejos" or "Defendant") pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 500 grams and more of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1) & (b)(1)(B), and 846. For the reasons set forth below, Marmolejos will be sentenced to 60 months' imprisonment to be followed by 4 years' supervised release. Marmolejos will also be required to pay a special assessment of $100 to forfeit property in an amount to be determined.

**Prior Proceedings**

      On October 30, 2010, Indictment 09 CR 1060 (RWS) was

filed in the Southern District of New York. Count One charges that from September 2009 to October 1, 2009, in the Southern District of New York and elsewhere, Marmolejos, Carlos Otero ("Otero"), Christian Collado ("Collado"), Arcenio Acevedo a/k/a "Tuty" ("Acevedo"), and others, conspired to distribute and possess with intent to distribute 500 grams and more of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1) & (b)(1)(B), and 846.

On March 10, 2010, Marmolejos appeared before the Honorable Debra C. Freeman in the Southern District of New York and allocuted to his criminal conduct as charged.

Pursuant to the provisions set forth in <u>U.S. v. Pimentel</u>, the government put forth their position in regard to sentencing as follows:

- The guidelines provisions in effect as of November 1, 2009, apply in this case.
- The offense involved at least 500 kilograms but less than 2 kilograms of cocaine, pursuant to § 2D1.1(c)(7), the base offense level is 26.
- Based on the information available to the Office, the

defendant appears to meet the criteria set forth in subdivisions(1)-(5) of § 5C1.2. Accordingly, a two-level decrease in his offense level is warranted pursuant to § 2D1.1(b)(11).

- The defendant has accepted responsibility for his actions. As such, a three-level reduction will be warranted, pursuant to § 3E1.1(a)&(b).
- In accordance with the above, the offense level is 21.
- Based upon the information currently available to the government, the defendant has one criminal history point and a resulting Criminal History Category of I.
- Based upon the above calculations, the defendant's guidelines sentencing range is 37 to 46 months' imprisonment. In addition, after determining the defendant's ability to pay, the court may impose a fine pursuant to § 5E1.2. At guidelines offense level 21, the applicable fine range is $7,500 to $2,000,000. Accordingly absent relief from the statutory minimum sentence the defendant's sentence would be 60 months. However, pursuant to 18 U.S.C. 3553(f), the defendant appears to meet the criteria set for imposition of a sentence in accordance with the applicable guidelines range of 37 to 46 months.

Marmolejos' sentencing is currently scheduled for April 25, 2011.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005), and the Second Circuit's decision in <u>United States v. Crosby</u>, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed —

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

4

    (3)    the kinds of sentences available;

    (4)    the kinds of sentence and the sentencing range established for —

        (A)    the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

    (5)    any pertinent policy statement . . . [issued by the Sentencing Commission];

    (6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Marmolejos's personal and family history.

**The Offense Conduct**

The following description draws from the PSR. The specific facts of the underlying conduct are adopted as set forth in that report.

In September 2009, a cooperating witness ("CW-1") was introduced to Otero through a female individual. Following that introduction, CW-1, who was located in the Bronx, New York, engaged in a number of telephone conversations with Otero, ultimately indicating that CW-1 was looking to purchase a kilogram of cocaine. During one such conversation, Otero told CW-1 that he had a source of supply for the cocaine CW-1 sought to purchase.

On September 30, 2009, CW-1 met with Otero and Marmolejos in Queens, New York, at which time Marmolejos introduced CW-1 to Acevedo. During this meeting, they discussed CW-1's desire to purchase a kilogram of cocaine. Acevedo told CW-1 that he had a friend who could provide CW-1 with cocaine, and CW-1 and Acevedo agreed upon the price of $34,000 for the kilogram of cocaine. The transaction was to take place on October 1, 2009.

On October 1, 2009, CW-1 and a confidential source ("CS-1") drove to a location in Queens, New York, and met with Otero and Marmolejos. Upon arriving at that location, CW-1 and CS-1 met up with Otero, Marmolejos, and Acevedo. Wile CW-1 and CS-1, together with Otero, remained in their car (the "Car"), Acevedo and Marmolejos walked to and entered a house ("House-1"), located a few blocks from where the Car was waiting.

Shortly thereafter, Acevedo and Marmolejos left House-1 and made their way to the backyard of a second house at 2720 Humphrey St., East Elmhurst, NY ("House-2"), located on the block on which CW-1 and CS-1 waited in the Car, where they met up with Collado. Acevedo and his girlfriend resided at House-2. Shortly thereafter, a white Nissan Maxima (the "Maxima") then pulled up in the vicinity of House-2.

After Collado met with the driver of the Maxima, Otero exited the Car and joined Acevedo and Marmolejos in the backyard of House-2. Shortly thereafter, Marmolejos and Collado walked to the Car. At that time, CW-1 exited the driver's seat of the Car, and Marmolejos and Collado entered the rear passenger side of the Car. After entering the Car, Collado handed a blue,

7

plastic shopping bag (the "Bag") to CS-1. Marmolejos and Collado were arrested shortly thereafter. Otero and Acevedo fled from the scene. On October 5, 2009, Otero was arrested at his residence. On October 20, 2009, Acevedo was arrested at 103-15 34th Avenue, Corona, NY.

Agents from the Drug Enforcement Administration recovered the Bag from CS-1, which contained a quantity of a substance that field-tested positive for cocaine, with a gross weight of 552.6 grams and a purity level of 37.3%.

## The Relevant Statutory Provisions

Pursuant to 21 U.S.C. §§ 846 and 841(b)(1)(B), the mandatory minimum term of imprisonment is 5 years and the maximum term of imprisonment is 40 years.

If a sentence of imprisonment is imposed, a term of supervised release of at least 4 years is required, pursuant to 21 U.S.C. §§ 846 and 841(b)(1)(B).

Defendant is not eligible for probation because the instant offense is one for which probation has been expressly

precluded by statute, pursuant to 21 U.S.C. §§ 846 and 841(b)(1)(B).

The maximum fine that may be imposed is $2,000,000, pursuant to 21 U.S.C. §§ 846 and 841(b)(1)(B). A special assessment of $100 is mandatory, pursuant to 18 U.S.C. § 3013.

Pursuant to 21 U.S.C. §§ 812, 841(a)(1), 846 and 853, Defendant shall forfeit to the United States a sum representing all property, real and personal, that constitutes or was derived from the proceeds traceable to the commission of the instant offense.

**The Guidelines**

The November 1, 2010 edition of the <u>United States Sentencing Commission Guidelines Manual</u> has been used in this case for calculation purposes, pursuant to § 1B1.11(a). The Court finds the following with respect to Defendant's applicable offense level, criminal history, recognition of responsibility, and term of imprisonment:

The Guideline for the violation of 21 U.S.C. § 846 is

found in § 2D1.1. Since Marmolejos was involved in a conspiracy to distribute and possess with intent to distribute at least 500 grams but less than 2 kilograms of cocaine, the base offense level is 26, pursuant to § 2D1.1(c)(7).

Based on his plea allocution, Defendant has shown recognition of his responsibility for the offense. Pursuant to § 3E1.1(a), the offense is reduced two levels. Furthermore, an additional one-level reduction is warranted, pursuant to § 3E1.1(b), because Defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Accordingly, the applicable offense level is 23.

On March 31, 1996, Marmolejos was arrested and charged with Robbery in the First Degree: Threatens Use of Dangerous Instrument. On February 5, 1997, he was sentenced in the Queens Supreme Court to time served and 5 years' probation. On July 31, 1999, as a result of a probation violation, Defendant was re-sentenced to time served. Pursuant to § 4A1.2(e)(3), this conviction warrants zero criminal history points.

On March 19, 2005, Marmolejos was arrested and charged with Hindering Prosecution in the First Degree and, on January 9, 2006, he was sentenced in the Queens Supreme Court to time served and five years' probation. Pursuant to §§ 4A1.1(c) and 4A1.2(e)(2), this conviction warrants one criminal history point. Marmolejos was under probation for this crime at the time he committed the instant offense.

On February 21, 2009, Marmolejos was arrested and charged with Criminal Trespass in the Second Degree. On February 23, 2009, he was sentenced in the New York County Criminal Court to time served. Pursuant to §§ 4A1.2(c) and 4A1.2(e)(2), this conviction warrants zero criminal history points.

The criminal convictions above result in a subtotal criminal history score of 1. However, pursuant to § 4A1.1(d), two points are added because at the time the instant offense was committed, the Defendant was on probation. Therefore, the total criminal history score is three. A total of three criminal history points establishes a Criminal History Category of II, pursuant to the table at Chapter 5, Part A, of the Guidelines.

Based on a total offense level of 23 and a Criminal History Category of II, the Guidelines range for imprisonment is 51 to 63 months. However, pursuant to § 5G1.1(b), a mandatory minimum of 60 months' imprisonment is required. Therefore the Guidelines range is 60 to 63 months' imprisonment.

The Guidelines range for a term of supervised release is four to five years, pursuant to § 5D1.2(c).

Defendant is not eligible for probation because the instant offense is one for which probation has been expressly precluded by statute, pursuant to § 5B1.1(b)(2).

The fine range for the instant offenses is $10,000 to $2,000,000, pursuant to § 5E1.2(c)(3)(A) and (c)(4)(A). Subject to Defendant's ability to pay, in imposing a fine, the Court shall consider the expected costs to the Government of any imprisonment, probation, or supervised release pursuant to § 5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $2,270.93 to be used for imprisonment, a monthly cost of $317.32 for supervision, and a monthly cost of $2,063.19 for community

confinement.

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is determined that a Guidelines sentence is warranted in the instant case.

## The Sentence

For the instant offenses, Marmolejos will be sentenced to 60 months' imprisonment and 4 years' supervised release.

Marmolejos is directed to report to the nearest United States Probation Office within seventy-two hours of release from custody to commence his term of supervised release. It is recommended that Marmolejos be supervised by the district of his residence.

As mandatory conditions of his supervised release, Marmolejos shall: (1) not commit another federal, state, or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; and (4) cooperate in the collection of DNA as directed by the probation officer. The mandatory drug testing condition is suspended due to the imposition of a special condition requiring drug treatment and testing.

Furthermore, the standard conditions of supervision (1-13), set forth in the judgment, shall be imposed with the additional special conditions:

(1) Defendant will participate in a program approved by the United States Probation Office, which program may include testing to determine whether Defendant has reverted to using drugs or alcohol. The Court authorizes the release of available

drug treatment evaluations and reports to the substance abuse treatment provider, as approved by the probation officer. Defendant will be required to contribute to the costs of services rendered (co-payment), in an amount determined by the probation officer, based on ability to pay or availability of third-party payment.

(2) Defendant shall participate in an alcohol aftercare treatment program under a co-payment plan, which may include testing via breathalyzer at the direction and discretion of the probation officer.

(3) Defendant shall obey the immigration laws and comply with the directives of immigration authorities.

In consideration of all the factors set forth in 18 U.S.C. § 3572(a), it does not appear that Defendant is able to pay a fine, and so the fine in this case shall be waived. A special assessment of $100, payable to the United States, is mandatory and shall be due immediately.

Defendant shall forfeit to the United States all property, real and personal, involved in the offense or

15

traceable to such property.

The terms of this sentence are subject to modification at the sentencing hearing scheduled for April 25, 2011.

It is so ordered.

New York, NY
April 16, 2011

_____
ROBERT W. SWEET
U.S.D.J.